# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| GREGORY EDWIN DUNN,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CRUZ COUNTY,<br><br>Defendant. | Case No. 21-cv-02091-BLF<br><br>**ORDER SCREENING PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e); DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; AND DISMISSING ACTION WITH PREJUDICE** |

Before the Court is the first amended complaint ("FAC") filed by Plaintiff Gregory Edwin Dunn ("Dunn"). *See* FAC, ECF 7. Because Dunn is proceeding *in forma pauperis* ("IFP"), the Court is required to screen the FAC to determine whether it states a claim upon which relief may be granted. The Court concludes that the FAC does not state a claim for relief and that amendment would be futile. Accordingly, the FAC is DISMISSED WITHOUT LEAVE TO AMEND and the action is DISMISSED WITH PREJUDICE.

**I.  BACKGROUND**

Dunn filed this action against Defendant Santa Cruz County on March 25, 2021, asserting claims pursuant to 42 U.S.C. § 1983 for violations of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution. Compl. ¶ 1, ECF 1. Dunn also filed an application for leave to proceed IFP. *See* IFP Applic., ECF 2. The case was assigned to Magistrate Judge Virginia K. DeMarchi, who granted the IFP application, screened the complaint

pursuant to 28 U.S.C. § 1915(e), and dismissed the complaint with leave to amend. *See* Judge DeMarchi Order, ECF 5. Dunn thereafter filed a declination to magistrate judge jurisdiction and also filed a first amended complaint ("FAC"). *See* Declination, ECF 6; FAC, ECF 7. The case thereafter was reassigned to the undersigned judge. *See* Order Reassigning Case, ECF 9.

## II. LEGAL STANDARD

This Court has a continuing duty to dismiss a case filed without payment of the filing fee under 28 U.S.C. § 1915(a) whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under the Rule 12(b)(6) standard, the complaint must "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations of a *pro se* plaintiff are construed liberally and given the benefit of any doubt. *See Watison*, 1108 F.3d at 1112.

## III. DISCUSSION

*Complaint*

In his original complaint, Dunn alleged the following. He resides in Los Angeles County, California. Compl. ¶ 3. An "unauthorized third party in the County of Santa Cruz" began interfering with his iPhone beginning on October 23, 2020, destroying on-device data and changing his passcode. Compl. ¶ 7. This interference was done "via utilization of Enterprise solutions such as Mobile Device Management." *Id.* Dunn claimed that this conduct violated his rights under the Fourth and Fourteenth Amendments, and he sought injunctive relief and damages against Santa Cruz County. Compl. ¶ 8, Prayer.

*Screening of Complaint by Judge DeMarchi*

In determining that these allegations failed to state a claim, Judge DeMarchi "infer[ed] from the complaint that someone did something to Mr. Dunn's phone, and he has had difficulty using it since." Judge DeMarchi Order at 3, ECF 5. Judge DeMarchi observed that "Mr. Dunn does not explain in the complaint what happened on October 23, 2020, or who the 'unauthorized third party' is, or how that third party and the County are connected." *Id*. Judge DeMarchi dismissed the complaint with leave to amend, advising Dunn that his amended complaint "should state facts that support each of his claims that defendants violated his constitutional rights, including the specific acts complained of and who performed which acts." *Id*.

*Screening of First Amended Complaint by this Court*

Dunn's FAC does not cure the defects identified by Judge DeMarchi in her screening order. He again alleges that he is a resident of Los Angeles County, California and that his Fourth and Fourteenth Amendment rights were violated. FAC ¶¶ 1, 3. The substantive allegations in the FAC are set forth in paragraph 7, which reads as follows:

> Defendant violated plaintiff's federal constitutional right to be free of unreasonable searches and seizures. Prior to this cause, plaintiff was a resident of Yolo County whereby plaintiff was sentenced to unsearchable summary probation for three years. Plaintiff alleges the Santa Cruz County Probation's Department use of continuous electronic monitoring was unconstitutional. On or about beginning the 23rd of October, 2020; interference, restrictions, and destruction of on-device data including biometrics of a personally owned and fully paid for Apple iPhone 12 Pro began via the Santa Cruz County probation Department. Plaintiff did not consent to defendant's unreasonable search, continuing seizure, and subsequent conduct. Third party iPhone Device Passcode changes to plaintiff's iPhone via utilization of Enterprise solutions such as Mobile Device Management (MDM), has caused plaintiff restrictions from accessing the device without the erasure of on-device data.

FAC ¶ 7. Dunn also alleges that "defendant's investigation of plaintiff is continuing, and that defendants may conduct another unlawful search and seizure of plaintiff's property at any time." FAC ¶ 11.

Construing these allegations liberally, the Court understands Dunn to be alleging that the Santa Cruz County probation department has interfered with his iPhone by changing the passcode and making other changes that put the iPhone at risk for destruction of data. Dunn also appears to be alleging that Santa Cruz County is investigating him, and may access his iPhone at any time.

3

However, Dunn has not alleged any facts to support his conclusory allegations that Santa Cruz County is interfering with his phone, accessing his phone, or investigating him. He has not identified any individual employed by Santa Cruz County or described what such individual did that has led Dunn to believe that his current problems with his iPhone are attributable to Santa Cruz County. He has not explained how his prior conviction in Yolo County relates to the alleged interference with his iPhone by Santa Cruz County. In short, the facts of the FAC simply do not give rise to a viable § 1983 claim against Santa Cruz County. Accordingly the FAC is subject to dismissal.

Having determined that the FAC is subject to dismissal, the Court must decide whether to grant Dunn leave to amend. Leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors). The Court finds no undue delay (factor 1) or bad faith (factor 2). However, despite Judge DeMarchi's prior dismissal of the original complaint with guidance regarding amendment, Dunn still has not come close to alleging a viable claim (factor 3). Prejudice to Defendant Santa Cruz County is not at issue, as Defendant has not been served (factor 4). However, based on Dunn's allegations to date, it appears that granting him further leave to amend would be futile (factor 5). Weighing these factors, especially Dunn's failure to cure the deficiencies identified in the prior dismissal order and the futility of amendment, the Court finds that leave to amend is not warranted.

**IV. ORDER**

The FAC is DISMISSED WITHOUT LEAVE TO AMEND and the action is DISMISSED WITH PREJUDICE.

The Clerk shall close the file.

Dated: May 24, 2021

BETH LABSON FREEMAN
United States District Judge